UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 05-10332-GAO

UNITED STATES OF AMERICA,

v.

RONALD PENA,
Defendant.

OPINION AND ORDER
June 15, 2015

O'TOOLE, D.J.

Following a jury trial, defendant Ronald Pena was convicted of possession with intent to distribute cocaine base and carrying a firearm during and in relation to a drug trafficking crime. The defendant appealed to the First Circuit Court of Appeals, and the First Circuit affirmed his conviction on November 17, 2009. The defendant then sought review before the Supreme Court, which denied certiorari on March 22, 2010. Pena v. United States, 559 U.S. 1021 (2010). The defendant now moves to vacate his conviction under 28 U.S.C. § 2255. The United States has opposed this motion, arguing that it is untimely under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The defendant does not contend that his filing was timely. Rather, he argues that the Court should equitably toll the limitations period.

## I. Procedural Background

On February 20, 2011, Pena wrote to the Clerk of this Court to request that counsel be appointed to assist him in filing a motion under § 2255. (Letter (dkt. no. 116).) In that letter as well

as a later filed affidavit, Pena indicated that he had sent a similar request to the Court "a couple of months" earlier.[1] (Id.) The Court appointed counsel for Pena on March 1, 2011.

Federal habeas corpus petitions under § 2255 are subject to a one-year statute of limitations. For present purposes, the limitations period began to run as of "the date on which the judgment of conviction [became] final." 28 U.S.C. § 2255(f)(1). For Pena, the one-year limitations period began running when the Supreme Court denied certiorari, on March 22, 2010.

Having failed to check the First Circuit and Supreme Court dockets, Pena's newly appointed counsel mistakenly assumed that there had been no petition for certiorari and therefore that the limitations period began to run when the time for filing such a petition expired, which would have been ninety days after the First Circuit affirmed the defendant's conviction. That expiration date would have been February 15, 2010. As a result, counsel thought that the statute of limitations had expired before he was even appointed. Contrary to his belief, however, the limitations period did not expire until twenty-two days after he was appointed, on March 22, 2011.

Pena learned that the Court had appointed him an attorney on April 20, 2011, when he first received a communication from counsel. In that letter, his attorney told him, mistakenly, that the limitations period had expired before he was appointed. Pena subsequently tried unsuccessfully to reach his attorney by phone and email. Pena filed his own *pro se* § 2255 motion a little over a year later, on May 9, 2012. He is now represented by new counsel.

## II. Equitable Tolling

Equitable tolling is to be applied only in "extraordinary" circumstances. Holland v. Florida, 560 U.S. 631, 652 (2010). For equitable tolling to apply, the defendant must demonstrate that his

---

[1] For purposes of this petition, the Court assumes this letter was sent. However, there is currently no record of the first letter.

delay was caused by extraordinary circumstances and that he pursued his rights diligently. Lawrence v. Florida, 549 U.S. 327, 336 (2007); see Lattimore v. Dubois, 311 F.3d 46, 55 (1st Cir. 2002).

To be sure, the reasonable diligence standard "does not demand a showing that the [petitioner] left no stone unturned," Ramos-Martinez v. United States, 638 F.3d 315, 324-35 (1st Cir. 2011), and Pena twice requested that the Court provide him an attorney before his limitations period expired. By the time Pena made these requests, however, his window for filing a § 2255 petition was quickly closing. By delaying his efforts to initiate a § 2255 petition until much of the limitations period had passed, he contributed to his eventual dilemma by narrowing the margin of error. If Pena had sought sooner after the denial of certiorari to initiate a § 2255 case, it is possible that the lawyer's error could have been discovered in time for a petition to be filed before the statutory clock had run.

As a general matter, attorney negligence, including mistakes in calculating the limitations period, are not a reason to apply equitable tolling. Lawrence, 549 U.S. at 336. The First Circuit has repeatedly explained that such errors do not constitute extraordinary circumstances justifying equitable tolling. See, e.g., Drew v. MacEachern, 620 F.3d 16, 23 (1st Cir. 2010) ("[A] garden variety claim of excusable neglect . . . does not warrant equitable tolling" (internal citation and quotation marks omitted)); Trapp v. Spencer, 479 F.3d 53, 60 (1st Cir. 2007) ("This circuit . . . has held that [a] mistake by counsel in reading AEDPA or computing the time limit . . . does not constitute extraordinary circumstances warranting equitable tolling." (internal citation and quotations marks omitted)); David v. Hall, 318 F.3d 343, 346 (1st Cir. 2003) ("If carelessness were an escape hatch from statutes of limitations, they would hardly ever bar claims.").

Lastly, it is important to note that "equitable tolling is not available in cases of dubious merit." Trapp, 479 F.3d at 61. Neither the Government nor Pena's current attorney has briefed the merits of the present petition. However, as presented in Pena's initial *pro se* petition, Pena contends that his trial counsel was ineffective in failing to rebut or otherwise present a defense to state police testimony regarding fingerprint analysis. This argument appears at least on the surface to be unlikely to prevail on collateral review. The trial record available through the case docket indicates that trial counsel sought to exclude the fingerprint evidence on multiple occasions and, having failed that, cross-examined the Government's fingerprint witnesses. (Jury Trial Day Six Tr. at 106 (dkt. no. 99); Jury Trial Day Seven Tr. at 18, 42 (dkt. no. 100).) Ultimately, trial counsel's choice not to present an expert may have been tactical, and such strategic decisions typically are not subject to ineffective assistance claims. See United States v. Manon, 608 F.3d 126, 134-35 (1st Cir. 2010) (explaining that an attorney's choice not to call a particular witness "was not a lapse of professional judgment").

### **III.** **Conclusion**

For the reasons set forth herein, the defendant's Motion to Vacate (dkt. no. 119) was not timely filed. It is therefore DENIED.

Because the petitioner has not "made a substantial showing of the denial of a constitutional right," a certificate of appealability will not issue. See 28 U.S.C. § 2253(c)(2).

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge